IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-cr-00576 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| DANIEL HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Daniel Hudson is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [156] is denied.

**Background**

Hudson's criminal record reflects multiple felony convictions under Illinois law, including possession of a controlled substance, manufacture/delivery of a controlled substance, receipt/possession of a stolen vehicle, and aggravated battery. Notably, Hudson's armed robbery conviction occurred when Hudson and another individual attacked multiple victims with a bludgeon and robbed one of the victims of a mobile phone and his coat on December 25, 2014.

The presentence investigation report [119] states that, on June 20, 2021, Hudson was standing on the 5600 block of South Emerald Avenue in Chicago, Illinois, with co-defendants Tyrone Gaddis and Hershel Phillips. It is unclear from the report, but it appears that officers had the area under observation. At approximately 6:50 a.m., officers observed Gaddis retrieved a loaded Norinco Model SKS, 7.62 x 39mm semiautomatic rifle bearing serial number 9351431T with an

attached 36-round magazine from the trunk of a gold Toyota Avalon that was parked on the 5600 block of South Emerald Avenue. Gaddis and Hudson engaged in a conversation, and Gaddis then handed Hudson the rifle with the attached 36-round magazine. Hudson held the rifle with the attached 36-round magazine for approximately two minutes before later giving it to co-defendant Phillips. Chicago Police Department officers contacted the defendants as they stood on the 5600 block of South Emerald Avenue and recovered the rifle with the attached magazine.

As a result, the government charged Hudson with being a felon in possession of a firearm under Section 922(g)(1). Hudson now moves to dismiss the indictment as unconstitutional in light of *Bruen*, 142 S. Ct. 2111.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

In *Bruen*, the Supreme Court established a framework for analyzing whether a challenged firearm regulation violates the Second Amendment. First, *Bruen* instructs courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the

challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.

This Court recently issued opinions on identical § 922(g)(1) challenges that discussed this standard. See *United States of America v. Dionte Vaughns*, No. 22-CR-00636, 2023 WL 8258575 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Tyriiq Washington*, No. 23-CR-00274, 2023 WL 8258654 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Darrell Griffin*, No. 21-CR-00693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023) (Coleman, J.) In each opinion, this Court held that that felons are included in "the people" protected by the Second Amendment. *Vaughns*, 2023 WL 8258575, at *4; *Washington*, 2023 WL 8258654, at *4; *Griffin*, 2023 WL 8281564, at *4. Furthermore, the Court held that the well-established record of British loyalist law supplies a sufficient historical tradition to support enforcement of Section 922(g)(1). *Vaughns*, 2023 WL 8258575, at * 8; *Washington*, 2023 WL 8258654, at *8; *Griffin*, 2023 WL 8281564, at *8. The Court adopts and incorporates the reasoning of those opinions.

Hudson's arguments are virtually identical to those made in opinions above. Thus, this Court will not revisit the prior holdings as to the finding that Section 922(g)(1) is facially constitutional.

In support of its argument that Hudson demonstrates a risk of violence, the government notes that Hudson has an extensive criminal history including possession of a controlled substance, manufacture/delivery of a controlled substance, receipt/possession of a stolen vehicle, and aggravated battery. There is no dispute that this type of evidence the government has advanced may be considered by the Court in determining whether a defendant demonstrates a risk of violence. Indeed, this criminal record more than supports a finding of dangerousness. Notably, Hudson's armed robbery conviction occurred on Christmas Day 2014 when Hudson and another individual attacked multiple victims with a bludgeon and robbed one of the victims of a mobile phone and his coat. Hudson pled guilty and was sentenced to six years in custody, but his sentence was discharged

on December 18, 2018. Yet, just three years after his release, Hudson is once again charged with others who possess a dangerous weapon. Based on this evidence, the Court finds that Hudson's criminal record and the circumstances of his arrest support a finding that he poses a risk to public safety such that he cannot be trusted to use a weapon responsibly. Thus, this Court finds that as applied to Hudson's Section 922(g)(1) is constitutional.

**Conclusion**

The felon firearm-dispossession statute, 18 U.S.C. § 922(g)(1), does not violate the Second Amendment as applied to Hudson. Thus, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Date: 1/5/2024 　　　　　　　　　　　　　Entered: _____
　　　　　　　　　　　　　　　　　　　　　　　　SHARON JOHNSON COLEMAN
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge